# In the United States Court of Federal Claims

No. 16-1264
Filed: June 16, 2017

| | |
|---|---|
| JOSIAH E. NICELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Remand; Rule 52.2. |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

*Charles W. Gittins*, Counsel of Record, Middletown, VA, for plaintiff.

*Jessica R. Toplin*, Trial Attorney, *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, *Lt. P. Tyson Marx*, JAGC, Of Counsel, Department of the Navy, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.    INTRODUCTION

Plaintiff, Josiah E. Nicely, a former United States Marine Corps ("USMC") Captain, brings this military pay action against the United States alleging that he has been wrongly discharged from the USMC and seeking back pay and injunctive relief, pursuant to the Military Pay Act, 37 U.S.C. § 204(a).  *See generally* Compl.  The government has moved to remand this matter to the Board for Correction of Naval Records ("BCNR"), pursuant to Rule 52.2 of the Rules of the United States Court of Federal Claims ("RCFC").  For the reasons discussed below, the Court **GRANTS** the government's motion for remand.

1

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

In this military pay act matter, plaintiff, Josiah E. Nicely, alleges that he has been wrongfully discharged from the USMC and seeks to recover back pay and certain injunctive relief.  *See generally* Compl.  Plaintiff served on active duty in the USMC for more than ten years, until October 7, 2011, when he was involuntarily discharged.  Compl. at ¶ 2.

On January 22, 2010, plaintiff was arrested by a Beaufort, South Carolina Police Department Officer and charged with speeding and driving under the influence ("DUI").  AR at 006; *see also* Compl. ¶ 5; Def. Mot. at 2.  After the arrest, plaintiff was taken into civilian custody, and he did not report to work at his prescribed start time.  Def. Mot. at 2; *see also* AR at 064.  After plaintiff successfully contested the DUI charges, these charges were dismissed on March 4, 2010.  Compl. ¶¶ 5, 12-15, 22.

Although the DUI charges against plaintiff had been dismissed, plaintiff's arrest led to administrative and disciplinary proceedings within the USMC and, ultimately, to plaintiff's involuntary separation from the USMC.  AR at 007-014, 091-93, 526-29; *see also id.* ¶¶ 2, 7-11, 16-83; Def. Mot. at 2.  On April 7, 2010, plaintiff received an adverse fitness report for the period August 4, 2010 to January 25, 2010, which noted that plaintiff had been apprehended for an "alcohol related incident."  AR at 022, 420, 423-24; *see also* Def. Mot. at 3.  And so, plaintiff was relieved of his duties as a public affairs officer for the USMC for cause on September 23, 2010.  AR at 424, 429; *see also* Def. Mot. at 3-4.

The USMC also referred charges against plaintiff to a general court martial for unauthorized absence, driving under the influence of alcohol, and being drunk on duty.  AR at 021-22; *see also* Compl. ¶¶ 21, 28; Def. Mot. at 2-4.  Subsequently, the charge of being drunk on duty was dismissed and replaced with a charge of incapacitation for duty through wrongful indulgence in alcohol.  AR at 026-027.  Following an agreement reached between the parties, the USMC dismissed the charges in plaintiff's general court martial, and plaintiff was notified of the

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the administrative record ("AR"); plaintiff's complaint ("Compl."); and the government's motion for remand ("Def. Mot").  Except where otherwise noted, all facts recited herein are undisputed.

USMC's intent to, instead, impose a non-judicial proceeding.  *Id.* at 028-30, 197.  The USMC conducted a non-judicial proceeding to consider the charges against plaintiff on June 9, 2010.  *Id.* at 031, 207; *see also* Def. Mot. at 4; Compl. ¶ 44.  During these proceedings, the Commanding General Marine Corps Installations-East ("CG MCI-East") found plaintiff to be guilty of the charges of unauthorized absence, driving under the influence of alcohol, and incapacitation for duty through wrongful indulgence.  AR at 021-22, 026-27, 217; *see also* Compl. ¶¶ 49, 53; Def. Mot. at 4-5.  And so, the CG MCI-East imposed punishment, which consisted of a punitive letter of reprimand, forfeiture of pay, and the convening of a board of inquiry to show cause why plaintiff should be retained in the USMC.  *Id.*

On July 2, 2010, plaintiff received another adverse fitness report that was triggered by his non-judicial proceeding.  AR at 033; *see also* Def. Mot. at 5.  On July 8, 2010, plaintiff submitted a rebuttal challenging the fitness report and he also challenged several aspects of his USMC disciplinary proceedings.  AR at 033-35.  Specifically relevant to this dispute, plaintiff alleged that a stipulation of facts that he signed prior to the non-judicial proceeding was missing important information and that, "[g]iven the duress of the situation, refusing to sign that stipulation would have broken the pretrial agreement, forcing [him] back to general court martial where [he] faced the risk of a federal conviction."  *Id.* at 034; *see also* Compl. ¶¶ 59-61; Def. Mot. at 5.  As a result of plaintiff's statement, the CG MCI-East initiated an Inspector General inquiry to determine whether plaintiff's allegations of a "duress of the situation" met the legal definition of "duress."  AR at 035, 040; *see also* Compl. ¶ 61-63, 65-67; Def. Mot. at 5.  On September 14, 2010, the Inspector General found that plaintiff's allegation of duress was not substantiated by the evidence.  AR 043; *see also* Def. Mot. at 6.

On January 12-13, 2011, a board of inquiry was convened to make a recommendation regarding plaintiff's retention in the USMC, due to the allegations of misconduct and substandard performance brought against plaintiff.  AR at 045-046, 278-79; *see also* Def. Mot. at 7.  On February 3, 2011, a report of the board of inquiry recommended that plaintiff "be separated from Naval Service and that his service be characterized as General (under honorable conditions)."  AR at 046; 312-14; *see also* Compl. ¶ 71; Def. Mot. at 7.

Plaintiff unsuccessfully contested the results of the board of inquiry by submitting a respondent statement to a board of review.  AR at 323-26.  And so, plaintiff was ultimately

discharged from the USMC with a general discharge under honorable conditions on October 7, 2011. *Id*. at 463-69, 526-29; *see also* Def. Mot. at 7-9; Compl. ¶¶ 2, 76-77, 81.

On November 4, 2012—after his involuntary separation from the USMC—plaintiff filed an application for correction of his military record with the BCNR, in which he challenged several aspects of his involuntary separation and the military proceedings surrounding his involuntary separation. AR at 121-53; *see also* Def. Mot. at 9; Compl. ¶ 82. In the application, plaintiff requested that the BCNR correct his military record by: (1) directing the removal of the fitness report covering the period of August 4, 2009 until January 25, 2010 from his naval record; (2) setting aside plaintiff's administrative separation from the USMC for misconduct, as well as the board of inquiry that lead to that separation; (3) reinstating plaintiff to active duty and providing plaintiff with back pay; and (4) ordering such additional relief as may be required to afford plaintiff adequate relief. AR at 122.

On August 13, 2015, the BCNR found that the evidence submitted by plaintiff "was insufficient to establish the existence of probable material error or injustice." *Id*. at 091-93; *see also* Compl. ¶ 83; Def. Mot. at 10. And so, the BCNR denied plaintiff's requests for relief. *Id*.

Plaintiff commenced this action on October 4, 2016. *See generally* Compl.

**B.  Procedural History**

On October 4, 2016, plaintiff filed the complaint in this military pay action. *Id*. On February 15, 2017, the government filed a motion for remand in this matter to the BCNR. *See generally* Def. Mot.

On March 9, 2017, plaintiff filed a response to the government's motion for remand. *See generally* Pl. Resp. On March 24, 2017, the government filed a reply in support of its motion for remand. *See generally* Def. Reply.

The government's motion for remand having been fully briefed, the Court addresses the pending motion.

## III.    LEGAL STANDARDS

### A.    RCFC 52.2 And Motions For Remand

The Tucker Act grants this Court the authority "to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 USC §1491(a)(2).  In addition, RCFC 52.2 provides the procedural framework that governs the remand process.  RCFC 52.2; *see also Santiago v. United States,* 71 Fed. Cl. 220 (2006) (denying the government's motion for partial dismissal and for judgment upon the administrative record, granting in part plaintiffs' cross-motion for judgment on the administrative record, and remanding the case to the Secretary of the Army for further proceedings.).

In this regard, RCFC 52.2 provides that, "[i]n any case within its jurisdiction, the court, on motion or on its own, may order the remand of appropriate matters to an administrative or executive body or official."  RCFC 52.2.  RCFC 52.2 further provides that the Court's remand order must direct the parties as the Court deems proper; establish the duration of the remand for a period of up to six months; specify whether Court proceedings will be stayed during the remand period; and ask the parties to report to the Court at least every 90 days regarding the status of the remand proceedings.  *Id*.  A certified copy of the Court's remand order must also be served on each party, as well as "the administrative or executive body or official to whom the order is directed."  *Id*.

The Supreme Court has also held that, except in rare circumstances, a remand to an agency is appropriate for additional investigation or explanation, "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it."  *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).  This is so because, "[t]he reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry."  *Id*.

Similarly, the United States Court of Appeals for the Federal Circuit has explained that a remand to an agency may be appropriate where, an agency seeks "a remand because of intervening events outside of the agency's control," like "a new legal decision or the passage of new legislation," and that "[a] remand is generally required if the intervening event may affect the validity of the agency action."  *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed.

Cir. 2001) (citations omitted).  But, even where there are no intervening events, an agency may request a remand without confessing error, in order to reconsider its previous position.  *Id*. at 1029.  In such a situation, "the reviewing court has discretion over whether to remand*." Id*. (citing *Southwestern Bell Tel. Co. v. Fed. Communications Comm'n*, 10 F.3d 892, 896 (D.C. Cir. 1993)).

An agency may also request a remand "because it believes that its original decision is incorrect on the merits and wishes to change the result."  *Id*.  And so, a "remand to an agency is generally appropriate to correct simple errors, such as clerical errors, transcription errors, or erroneous calculations."  *Id*. (citation omitted).  In addition, while an agency's request for a remand "may be refused if [it] is frivolous or in bad faith," if an agency's concerns are "substantial and legitimate, a remand is usually appropriate."  *Id*.

## IV.    LEGAL ANALYSIS

### A.    A Remand Of This Matter Is Appropriate

A remand of this matter to the Board for Correction of Naval Records is appropriate and warranted.  In its motion for remand, the government seeks a remand of this matter to the BCNR, because that board has not considered all of the relevant factors regarding whether the Secretary of the Navy's action in involuntarily separating plaintiff from the USMC was in accordance with applicable regulations.  Def. Mot. at 1.  Specifically, the government requests that this matter be remanded to the BCNR so that the board can consider: (1) whether the Assistant Secretary of the Navy (Manpower & Reserve Affairs) followed the applicable regulations in approving the recommendation of the board of inquiry to separate plaintiff from the USMC; (2) whether the board of inquiry's consideration of allegedly protected communications was in accordance with the Military Whistleblower Protection Act; and (3) which documents constitute the administrative record for this matter.  *Id*. at 1-2, 11-12.

Plaintiff agrees that a remand to the BCNR is warranted.  Pl. Resp. at 1-3.  But, plaintiff seeks to expand the scope of any remand to the BCNR to also include consideration of: (1) whether the inclusion in plaintiff's Official Military Personnel File of the adverse fitness report covering the reporting period ending January 25, 2010, violated certain military regulations; (2) whether the BCNR applied the proper rules of evidence; and (3) any additional evidence presented by plaintiff.  *Id*. at 2-4.

6

The Supreme Court has held that a remand to an agency is appropriate for additional investigation or explanation, if the agency has not considered all relevant factors. *Fla. Power & Light Co.*, 470 U.S. at 744. That is precisely the circumstance presented in this case.

The parties agree that the BCNR has not yet fully considered, or addressed, whether the Assistant Secretary of the Navy (Manpower & Reserve Affairs) followed the applicable regulations in approving the recommendation to involuntarily separate plaintiff from the USMC, nor whether the board of inquiry's consideration of allegedly protected communications was in accordance with the Military Whistleblower Protection Act. Def. Mot. at 1-2, 11-12; *See generally* Pl. Resp. Although the government does not believe that a remand is necessary for the BCNR to consider whether the inclusion an adverse fitness report for the period ending on January 25, 2010 in plaintiff's Official Military Personnel File violated any military regulations—or whether the BCNR applied the proper rules of evidence in considering plaintiff's request to correct his naval records—as plaintiff requests, the government does not a oppose a remand to the BCNR to consider those matters. Def. Reply at 1-2. And so, a remand to the BCNR to consider and address these issues is warranted and appropriate in this case.

In addition, a remand to the BCNR will clarify what documents are a part of the administrative record in this matter and aide the Court in resolving this dispute. As the government notes in its motion for remand, the BCNR's letter denying plaintiff's request to correct his naval records does not state whether a pertinent report by the Department of Defense Inspector General factored into the board's decision to deny plaintiff's request. Def. Mot. at 1-2. The BCNR's letter denying plaintiff's request also makes reference to materials that are not contained in the administrative record currently before the Court. *Id*. And so, the BCNR's full consideration of all of these matters is warranted before the Court proceeds with resolving this dispute.

In sum, the Court concurs with the parties' view that the Court should refrain from reviewing the matters raised in plaintiff's complaint until the BCNR has had the opportunity to fully consider and address the outstanding issues discussed above. And so, the Court grants the government's motion for remand of this matter to the BCNR. RCFC 52.2.

## V.      CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion for remand. Pursuant to RCFC 52.2, this matter is **REMANDED** to the BCNR until **December 15, 2017**, and further proceedings in this matter are **STAYED** during the remand period, to allow the BCNR to:

1.  Review plaintiff's complete record to determine if regulations were complied with in conducting plaintiff's separation from the USMC and to state how the Department of Defense Inspector General's report factors into the BCNR's decision relating to plaintiff's allegation that his separation was a reprisal action;

2.  Determine whether the Assistant Secretary of the Navy (Manpower & Reserve Affairs)'s action involuntarily separating plaintiff from the USMC was in accordance with applicable regulations;

3.  Consider, comment upon, and/or correct any substantive claim of regulatory violations related to:

    (a)  the preparation of plaintiff's January 25, 2010 fitness report;

    (b)  the submission and inclusion in the board of inquiry of a nonpunitive letter of caution; and

    (c)  the inclusion, consideration and use of plaintiff's allegedly protected statements to the Department of Defense Inspector General, and/or chain of command, in the board of inquiry's deliberations and decision to recommend involuntary separation from the USMC, as well as the consideration of those allegedly protected statements in the making of recommendations for adverse personnel actions by the convening authority and the Deputy Commandant, and in the Assistant Secretary of the Navy (Manpower & Reserve Affairs)'s final involuntary separation decision;

4.  Determine—if the BCNR identifies materially errant evidence or other submissions before the board of inquiry, or finds that the board of inquiry considered improper matters—what effect those errors had on the board of inquiry's deliberations and on the Assistant Secretary of the Navy (Manpower & Reserve Affairs)'s decision to involuntarily separate plaintiff;

5.  Consider any information provided on remand by plaintiff within 30 days of this remand order;

6.  Ensure that the administrative record is complete and work with plaintiff to ensure that plaintiff's advisory opinion rebuttal letter, as well as the audio transcripts enclosed with plaintiff's original BCNR petition, are present in the materials that the BCNR considers; and

7. Provide plaintiff any relief that the BCNR determines that plaintiff is entitled to receive and issue a final decision explaining in detail the rationale supporting that decision within 180 days of the Court's remand order.

It is further **ORDERED** that:

1. Plaintiff shall raise all of his outstanding arguments related to his involuntary separation from the USMC before the BCNR during the remand period;

2. The parties shall **FILE** a joint status report every 28 days, during the remand period, regarding the status of the remand proceedings;

3. Pursuant to RCFC 52.2(e), on or before **December 15, 2017**, the BCNR shall forward to the Clerk of Court two copies of the final decision issued in response to this remand order; and

4. In accordance with RCFC 52.2(f), 30 days after the BCNR's final decision is forwarded to the clerk for filing on or before December 15, 2017, the parties shall **FILE** a joint notice stating their respective views on:

    (a) Whether the BCNR's final decision affords a satisfactory basis for disposition of the case; or

    (b) Whether further proceedings before the Court are required and, if so, the nature of such proceedings.  RCFC 52.2.

**IT IS SO ORDERED.**


s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge